# EXHIBT A

Cause No. DC-13-09458



| | | |
|---|---|---|
| Gary and Tanya Messersmith | § | In the _____ Judicial |
| d/b/a Jeff and Jan's Coin Laundry | § | |
| | § | |
| V. | § | District Court of |
| | § | |
| Nationwide Mutual Fire Insurance Company | § | |
| and Felicia A. Zimmer | § | Dallas County, Texas |

## PLAINTIFFS'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **Gary and Tanya Messersmith d/b/a Jeff and Jan's Coin Laundry** (TXDL...116 / 243; SS...:843 / 767), hereinafter called Plaintiffs, complaining of and about **Nationwide Mutual Fire Insurance Company and Felicia A. Zimmer**, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

### SERVICE

2.A. Defendant **Nationwide Mutual Fire Insurance Company** (Nationwide) a company doing business in the State of Texas. Said Defendant can be served through its attorney for service: C.T. Corporation, 350 N. St. Paul Street, Dallas, Texas 75201

2.B. Defendant **Felicia A. Zimmer** (Zimmer) is an adjuster doing business in the State of Texas. Said Defendant can be served 1618 Eastus Drive, Dallas, Texas 75208

### JURISDICTION

3. The subject matter in controversy is within the jurisdictional limits of this court. Pursuant to Rule 47, Plaintiffs seeks monetary relief over $100,000 but not more than $200,000.

### VENUE

4. Pursuant to Texas Civil Practice & Remedies Code, Section §15.032, venue in Dallas County is proper in this cause in that it is where the events or omissions giving rise to the claim occurred.

### AGENCY AND VICARIOUS LIABILITY.

5.A. At all times relevant to this lawsuit Defendants through its agents, representatives, or employees took responsibility and were responsible for the acts of Defendants and their agents, representatives or employees in that the acts and/or omissions complained of herein occurred within the scope of the actual or apparent authority of Defendants. Defendants are therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee of Defendants by virtue of such agency relationship.

5.B.   Whenever in this Petition it is alleged that Defendants did any act or thing or omission, it is meant that Defendants, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of Defendants, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN.**

6.A.   Plaintiffs have fully complied with all of the conditions precedent prior to bringing this suit.

6.B.   This lawsuit is being filed after the expiration of 60 days in that notice was given on or about May 30, 2013.

**FACTS.**   The acts complained of, occurred as follows:

7.A.   On June 13, 2012, Plaintiffs had the above policy with Defendant Nationwide. The policy (#ACP5532314818) was in full force and effect.

7.B.   On that date, Plaintiffs suffered a loss. It was the type of loss covered by the policy.

7.C.   On or about April 16, 2013, Plaintiffs reported the loss and were assigned claim number 78 42 PE 088554 0613 2012 51.

7.D.   Plaintiffs experienced leaks to which temporary repairs were made.

7.E.   Defendant Nationwide assigned adjuster, Felicia Zimmer, to the claim.

7.F.   Defendant Zimmer did an inspection on April 19, 2013, and agreed there was damage to the roof but stated the damage was cosmetic.

7.G.   Defendant Zimmer also stated that the roof repair had to be completed or Defendant Nationwide would no longer insure the property.

7.H.   Cost to repair the roof is substantial.

7.I.   In a letter dated, April 19, 2013, the claim was denied.

**VIOLATIONS OF THE TEXAS INSURANCE CODE (TIC) BY DEFENDANTS**

8.   It appears that Defendants intentionally or in a negligent manner handled Plaintiffs' claim. Plaintiffs incorporate herein all the facts as set forth above. Defendants' conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a.   TIC §541.060(a)(1):   This section was violated in that Defendants misrepresented a material fact relating to coverage by telling Plaintiffs there was no coverage.
   b.   TIC §541.060(a)(2)(A):   Defendants violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear in that it was clear there was damage to the roof and Defendants choose to deny the claim anyway.
   c.   TIC §541.060(a)(3):   This section was violated by Defendant failing to provide Plaintiffs, a policyholder, a reasonable explanation of the basis in the policy in relation to the facts for Defendants' denial of Plaintiffs' claim in that Defendants just denied the claim saying the policy was cancelled.

    d.    <u>TIC, §541.060(a)(7)</u>:    This section was violated by Defendants' refusal to pay Plaintiffs' claim without conducting a reasonable investigation.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICE ACT BY DEFENDANTS

9.    It appears Defendants' conduct in this matter is in violation of several Texas laws, including but not limited to that of the Texas Deceptive Trade Practices Act (DTPA):

    a.    <u>DTPA §17.46(b)(7)</u>:    Defendants violated this section by representing that Defendants' insurance policy was of a particular style, i.e., that Defendants would pay for losses resulting from hail damages, when in fact you will not.

    b.    <u>DTPA §17.46(b)(12)</u>:    Defendants violated this section by representing that Defendants' insurance policy involved remedies it does not have or involve, i.e., that Defendants would pay for losses resulting from hail damage, when in fact Defendants will not.

    c.    <u>DTPA §17.46(b)(24)</u>:    Defendants violated this section by failing to disclose information concerning Defendants' insurance policy which was known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into the purchase of the policy which Plaintiffs would not have done had the information been disclosed. i.e. that Defendants would not pay for hail damage.

    d.    <u>DTPA §17.46(b)(9)</u>:    This section was violated by Defendants by advertising the insurance policy at issue in this case with the intent not to sell it as advertised, and specifically that Defendants would pay benefits to Plaintiffs in the event of a loss.

## TEXAS INSURANCE CODE VIOLATIONS - ZIMMER

10.    It appears that Defendants intentionally or in a negligent manner handled Plaintiffs' claim. Plaintiffs incorporate herein all the facts as set forth above. Defendants' conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

    a.    <u>TIC §541.060(a)(1)</u>:    Defendant Zimmer violated this section by misrepresenting to Plaintiffs a material fact relating to coverage at issue in that Defendant Zimmer told Plaintiffs there was no damage to their roof when in fact there was damage.

    b.    And by telling Plaintiffs that the damage Defendant Zimmer saw and conceded was caused by the hail storm was only cosmetic in nature when in fact there was leaking resulting from the damage.

    c.    <u>TIC §541.060(a)(2)</u>:    Defendant Zimmer violated this section by failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim to which Defendant Nationwide's liability had become reasonably clear in that Defendant Zimmer saw damage but insisted it was only cosmetic and then told Plaintiffs' the roof had to be repaired or Defendant Nationwide would no longer insure the property.

    d.    <u>TIC §541.060(7)</u>:    Defendant Zimmer violated this section by refusing to conduct a reasonable investigation with respect to Plaintiffs' claim in that Defendant Zimmer refused to come out and while it was raining and then later when Defendant Zimmer did come out, Defendant Zimmer was not the person who climbed on the roof and did the inspection, rather it was someone who was not a licensed adjuster.

## TIC PROMPT PAYMENT OF CLAIMS ACT

11.    It appears Defendants' conduct in this matter is in violation of several Texas laws, including but not limited to that of the TIC Prompt Payment of Claims Act:

    a.    <u>TIC §542.060</u>:    Defendants denied Plaintiffs' claim on April 19, 2013. Defendants should have informed Plaintiffs that you were paying the claim on that date and paid five business days later. Defendants failed to do so.

### BREACH OF CONTRACT

12. It appears Defendants' conduct in this matter is in violation of several Texas laws, including but not limited to that of Breach of Contract:

    a. Plaintiffs entered into a contract with Defendant Nationwide whereby Plaintiffs were to pay premiums and you were to pay covered claims.
    b. Plaintiffs have complied with their part of the contract.
    c. Defendants are refusing to honor Defendants end of the contract

### NEGLIGENCE

13. Defendants was negligent, in that:

    a. Defendants owed a duty to Plaintiffs when Defendants took money from Plaintiffs for liability insurance, to provide Plaintiffs with the insurance coverage purchased.
    b. Defendants breached this duty by failing to provide Plaintiffs with insurance.
    c. This breach proximately caused harm to Plaintiffs.

### FRAUD

14. Defendants committed fraud, in that:

    a. Defendants represented to Plaintiffs that if Plaintiffs gave money to Defendants, that Defendants would provide insurance to Plaintiffs.
    b. This representation was material.
    c. This representation was false.
    d. When Defendants made this representation, Defendants knew the representation was false.
    e. Defendants intended Plaintiffs to rely and act upon the representation.
    f. Plaintiffs relied on the representation made by Defendants
    g. The representation caused Plaintiffs injury.

### KNOWINGLY AND INTENTIONAL DAMAGES.

15. Defendants' conduct in denying this claim was done "knowingly" and "intentionally" committed as those terms are defined in the Texas Business & Commerce Code, Section 17.45.

### MULTIPLE DAMAGES.

16.A. Pursuant to Texas Insurance Code §541.152(a)(1) and (b) Defendants are liable to Plaintiffs for multiple damages.

16.B. As alleged herein above, Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly," as that term is defined in §17.45(a) DTPA, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

16.C. Plaintiffs further avers that such acts, practices, and/or omissions were committed "intentionally" as that term is defined in §17.45(13) of the Texas Deceptive Trade Practice Act in that Defendants specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

16.D. Therefore, Plaintiffs is entitled to recover multiple damages as provided by §17.50(b)(1) of the Texas Business and Commerce Code.

16.E. Also, Plaintiffs is entitled to receive multiple damages under the Texas Insurance Code §541.152(b).

**DAMAGES FOR MENTAL ANGUISH.**

17.A. Plaintiffs would further show that the false, misleading and deceptive acts, practices and/or omissions described herein above were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code and Texas Insurance Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

17.B. As a result of such acts, practices and/or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section §17.50(b)(1) of the Texas Business and Commerce Code and Texas Insurance Code.

**PROMPT PAYMENT OF CLAIMS.**

18.A. Defendants failed to make prompt payment of claims in accordance with §542.051 thru §542.061 of the Texas Insurance Code. Defendants after receiving all items, statements, and forms reasonably requested and required under Section §542.058 and have allowed more than 60 days to expire without paying the claim for benefits.

18.B. Plaintiffs seek damages under §542.060 of the Texas Insurance Code for actual damages including 18% per annum of such damages and attorney fees.

**ACTUAL DAMAGES.**

19. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

    a. Actual damages for roof repair
    b. Trebling of Damages due to your conduct in this matter
    c. Mental Anguish Damages
    d. Prompt Payment of Claims Violation (18% interest from April 26, 2013, until paid)

**DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANTS:**

20.A. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendants** are <u>each</u> requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l).

20.B. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure, and shall be delivered upon Plaintiffs' counsel.

**USE OF DOCUMENTS:**

21. Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives notice to the Defendants that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### ATTORNEY'S FEES.

22.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 16(b)(1), by §541.152(a)(1), of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

### PRE-JUDGMENT INTEREST.

23.    As a result of the injuries sustained by Plaintiffs as aforesaid and in addition to such damages, Plaintiffs will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### POST JUDGMENT INTEREST.

24.    As a result of the injuries sustained by Plaintiffs and in addition to such damages, Plaintiffs will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### COSTS OF SUIT.

25.A.    In addition, Plaintiffs seek all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

25.B.    Wherefore, Plaintiffs seek reimbursement of court costs incurred in the trial of this case and thereafter.

### PRAYER.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for the economic and actual damages and exemplary damages requested herein above in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

SIGNED on August 14, 2013.

Respectfully submitted,

BY: _____
Mark S. Humphreys   SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722    *    Fax. (972) 237-1690
**Attorney for Plaintiffs**